UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROMERO WATSON,

    Plaintiff,

v.                          Case No. 22-CV-230

JASON WELLS, LISA LUCHUN,
KRISTINA DIETZ, PAUL KEMPER,
TRAVIS BRADY, BERTRUM, and
SADEL,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On February 24, 2022, the defendants filed a notice of removal under 28 U.S.C. § 1446(a) because plaintiff Romero Watson's amended complaint alleged that the defendants violated Watson's rights under 42 U.S.C. § 1983. (ECF No. 1) Watson is incarcerated at Racine Correctional Institution and representing himself. The original notice of removal was missing the attachment that purported to be the amended complaint. On April 12, 2022, the defendants filed the amended complaint separately. (ECF No. 7.) This order screens his amended complaint.

The court has jurisdiction to screen the amended complaint in light of the parties' consent to magistrate jurisdiction. (ECF Nos. 5, 6.)

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Watson was incarcerated when his case was removed to federal court. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Watson's Allegations*

Watson alleges that on March 25, 2020, he was heading to the kitchen area to refill his coffee when he slipped on some wet shower mats that were left outside the kitchen entrance. (ECF No. 7, ¶ 1.) There were no "wet floor" signs or cones signifying slippery conditions. (*Id.*, ¶ 2.) When Watson fell, he injured his lower back, shoulder, and tail bone, causing him excruciating pain, and rendering him unable to move. (*Id.*, ¶ 6.)

Officer Ambasson, not a defendant, went to assist Watson, and she also slipped on the wet floor and fell. (*Id.*, ¶¶ 7-8). She received medical care and then was sent home. (*Id.*, ¶ 9.) Defendants Bertram and Sadel attended to Watson and placed him in a wheelchair to take him to the Health Services Unit (HSU). (*Id.*, ¶10.) Watson told them he did not want to be moved, and states that by placing him in the wheelchair, Bertram and Sadel caused him more pain, especially in his shoulder, which he states "popped". (*Id.*, ¶¶ 11-13.) While transporting him to HSU,

3

Watson complained that he was in a substantial amount of pain, so Bertram and another unnamed officer stopped the wheelchair to reposition him. (*Id.*, ¶¶ 15-16.) Repositioning Watson caused him additional pain, especially in his lower back. (*Id.*, ¶ 17.)

Watson also alleges that defendant Travis Brady, a registered nurse, did not personally examine him to ensure nothing was broken before instructing Bertram and Sadel to move him and take him to HSU. (*Id.*, ¶ 19.)

*Analysis*

Watson claims that the defendants violated his constitutional rights when they created conditions that led him to fall, treated him differently than the correctional officer who fell, and moved him to take him to the HSU. At the outset, Watson does not allege anything against Jason Wells, Lisa Luchun, Kristina Dietz, and Paul Kemper. So, they are dismissed.

Regarding the unnamed defendants whose actions caused the slippery floor, under § 1983, a plaintiff must allege that the defendants were deliberately indifferent to a serious risk of substantial harm. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). "Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken." *Watkins v. Lancor*, 2013 WL 812521 at *1 (E.D. Wis. March 5, 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "When the complaint alleges that the defendant failed to protect the plaintiff from a known dangerous condition, the

4

question of deliberate indifference can be phrased as whether society would consider the plaintiff's exposure to that condition so grave as to 'offend contemporary standards of decency.'" *Id.* (quoting *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004).

Watson does not sufficiently allege that any defendants knew that the wet floor posed a risk to his health and safety, but even if he had, his allegations are simply an ordinary negligence claim and do not rise the level of deliberate indifference. An "allegedly dangerous prison condition must deprive an inmate of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "Although wet floors do present a possibility that inmates might slip . . .[such] allegations do not suggest a *substantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment." *Bell v. Ward*, 88 Fed. A'ppx 125, 127 (7th Cir. 2004) (emphasis in original). Thus, no defendant can be held liable for the wet floors and to the extent Watson is bringing claims for the wet floors, those claims are dismissed.

As for Bertram and Sadel, Watson's own allegations imply they contacted Nurse Brady before moving Watson. They are entitled to defer to the medical professional's opinion as to whether Watson could be moved. *See Burks v. Raemish*, 555 F.3d 592, 595 (7th Cir. 2009) (holding that officials are "entitled to relegate to the prison's medical staff the provision of good medical care.") Any exacerbation of injury caused by transporting Watson to the HSU would again, at worst, be

5

negligence, and does not rise to the level of a constitutional violation. Watson may not proceed on claims against them, and Bertram and Sadel are dismissed.

As for Nurse Brady, Watson does not allege that Brady's actions "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." *Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). To be sure, it would have been best practice for Brady to personally examine Watson, but having Watson brought to HSU after evaluating him by speaking with Bertram and Sadel over the phone was not an egregious departure from acceptable medical practices. Indeed, many people who are not incarcerated are moved after serious falls, and unfortunately, occasionally, it exacerbates their pain and/or their condition. Thus, Nurse Brady's actions do not rise to the level of a constitutional violation, so Watson may not proceed on a claim against him. Brady is dismissed.

Finally, Watson does not allege who provided different medical care to him than to Officer Ambasson, who also fell and injured herself. However, even if he had, he would not have stated a constitutional claim. Providing a non-incarcerated person a different level of care, on its own, does not mean that the care provided to the incarcerated person rises to the level of a constitutional violation. As stated above, Watson needs to allege that the care provided to him was such a significant departure from accepted professional standards to state a claim. He fails to do so.

6

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Watson's complaint is thorough in its allegations of facts surrounding this claim, so the court finds that further amendment would be futile. His case is dismissed.

**THEREFORE, IT IS ORDERED** this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any

motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 29th day of April, 2022.

BY THE COURT,

NANCY JOSEPH
United States Magistrate Judge